# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN THE MATTER OF: SHANIRA J., CHRISTINA J., AND JAMES J.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT002466-10/CT002468-10     Robert S. Weiss, Judge**

**No. W2010-02563-COA-R3-JV - Filed June 20, 2011**

This is an appeal of a dependency and neglect proceeding.  We dismiss the appeal for lack of a final judgment.

**Tenn. R. App. 3; Appeal Dismissed**

Alan E. Highers, P.J., W.S., David R. Farmer, J,. Holly M. Kirby, J.

Andrew L. Wener, Memphis, Tennessee, for the appellant, Shameka Fox

Robert E. Cooper, Jr., Attorney General and Reporter, Dianne Stamey Dycus, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services

# MEMORANDUM OPINION[1]

The State of Tennessee, Department of Children's Services ("DCS") filed a petition in the Juvenile Court of Memphis and Shelby County, Tennessee, on April 29, 2009, under docket number V9580, alleging that the child James J. was a dependent and neglected child within the meaning of Tennessee law. In that petition, DCS also requested a finding of severe child abuse based on the allegations set forth in the petition. Moreover, on that same date, DCS filed a "Petition to Modify" in the Juvenile Court of Memphis and Shelby County, Tennessee, under docket number T5668, alleging that James J.'s siblings, Shanira J. and Christina J., were dependent and neglected.[2] The "Petition to Modify" alleged that Shanira J. and Christina J. were subject to an increased risk of harm resulting from the unexplained injuries sustained by the child James J. On February 1, 2010, the juvenile court entered an order confirming the findings and recommendations of the magistrate that the child James J. was dependent and neglected. That order, however, did not rule upon the request of DCS for a finding of severe child abuse, although the order contained detailed findings regarding the child's injuries. In the matter concerning the children Shanira J. and Christina J., the juvenile court entered an order on February 3, 2010, which, among other things, confirmed the magistrate's finding that those children were also dependent and neglected. Mother filed timely notices of appeal to the Shelby County Circuit Court in both matters.

Subsequently, the two appeals were consolidated and the Circuit Court conducted a trial *de novo* on November 1, 2010. In its order entered on November 17, 2010, the trial court again found all of the children to be dependent and neglected after making very detailed and explicit findings regarding the injuries suffered by the child James J. The order was silent, however, regarding the State's request for a finding of severe child abuse. Mother timely filed a notice of appeal to this Court.

The appellate record was transmitted to the Clerk of this Court on or about May 18,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The Petition to Modify was filed under the docket number used in prior juvenile court proceedings involving the children Shanira J. and Christina J.

2011, and pursuant to the mandate of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After our review of the record, the Court entered an Order on May 20, 2011, stating that it appeared that this Court does not have jurisdiction of this matter, because we could find nothing in the record reflecting that either the juvenile court or the circuit court adjudicated the request of the State of Tennessee, Department of Children's Services for a finding of severe child abuse, as set forth in the "Petition to Adjudicate Dependency and Neglect" filed on April 29, 2009, in the Juvenile Court of Memphis and Shelby County, Tennessee. Our Order of May 20, 2011, directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order and further directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Our Order also provided that, in the event Appellant did not obtain entry of a final judgment within the time provided therein, Appellant should show cause within fifteen (15) days from the entry of that Order why this appeal should not be dismissed for failure to appeal an appealable order or judgment.

On May 26, 2011, the Clerk of this Court received a certified, supplemental record from the trial court clerk consisting of a document styled "Notice of Filing Judgment Order" filed by Appellant in the trial court on May 24, 2011, which gave notice of the filing of the November 17, 2010 order sustaining the Department of Children's Services petition alleging dependency and neglect. A copy of the original November 17, 2010 order of the trial court was attached to the notice. As of this date, the Clerk of this Court has received no further supplements to the appellate record and Appellant has not otherwise responded to our Order of May 20, 2011.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

It appears that Appellant failed to comply with our Order and obtain entry of a final judgment in this matter. Because the order appealed did not adjudicate DCS's request for a finding of severe child abuse, the order appealed is not a final judgment. Therefore, we must dismiss this appeal.

**Conclusion**

-3-

For the foregoing reasons, we dismiss this appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to Appellant for which execution may issue if necessary.

**PER CURIAM**